UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GABRIEL RENDON,<br><br>        Plaintiff,<br><br>vs.<br><br>BEEHIVE CONDOMINIUMS, LLC and BOYDEAN FRAZIER,<br><br>        Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No.: 2:14-cv-130-CW<br><br>Judge Clark Waddoups |

      Plaintiff Gabriel Rendon, acting pro se, brought this action under Title VII.  Rendon alleges that Defendants Boydean Frazier and Beehive Condominiums, LLC discriminated against him by terminating him in violation of the Americans with Disabilities Act (the "ADA") after he was injured when he fell from a moving trailer.  Rendon alleges that the discriminatory acts occurred on July 12, 2012, that he filed charges with the Anti Discrimination Division of the Utah State Industrial commission on July 31, 2012 and with the Equal Employment Opportunity Commission (the "EEOC") on November 29, 2013.  He further alleges that he received Notice of Right to Sue on January 31, 2014.  The complaint in this action was filed on February 24, 2014.

      The Defendants moved to dismiss the complaint, arguing that Rendon failed to timely file his claim with the EEOC and that, in any event, the Defendants are not employers subject to the ADA because they do not employ 15 or more employees.  The court referred the motion to Magistrate Judge Paul Warner who issued a Report and Recommendation that the action be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.  [Dkt. No. 8.]  Judge Warner

explained that under the ADA a claim must be filed within 300 days of the alleged discriminatory conduct (*see* 42 U.S.C.§ 2000e-5(e)) and found that Rendon failed to file his claim until 16 months after the actions he complains about.  This fact is apparent on the face of the complaint.  Judge Warner also found that Rendon had failed to allege that the Defendants had 15 or more employees, which is required to subject them to the provisions of the ADA (*see* 42 U.S.C. § 12111(5)(A)).  It is also apparent from the face of the complaint that Rendon failed to plead the necessary number of employees to meet the  jurisdictional requirement.

Rendon objected to the Report and Recommendation, arguing that he did not consent to have the action conducted by a magistrate judge.  [Dkt. No. 10.]  The Defendants responded, correctly, that the referral was pursuant to 28 U.S.C. § 636(b)(1)(B), which does not require consent of the parties and that the Report and Recommendation would become final only after approval of the District Court.  Rendon filed a further response arguing that because he filed the complaint within 90 days of his receipt of the Notice of Right to Sue, his complaint was timely.  Additionally, he argued that Defendant Frazier is the registered owner of a company named BBF Prime Contractors LLC, which Rendon asserts has more that 15 employees and falls within the jurisdiction of the ADA.

Under 42 U.S.C. § 2000e-5(e), a claimant who has initiated proceedings with a state agency is required to file a charge with the EEOC "within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, *whichever is earlier*." (Emphasis added.) Rendon filed a claim with the Utah Antidiscrimination and Labor Commission on July 17, 2012.  [Dkt. No. 10-3.]  In that claim, he confirms, as alleged in the complaint, that he was fired on July 12, 2012.  Absent a claim of equitable tolling, Rendon was required to file his claim with the

EEOC no later than May 8, 2013.  *See, e.g.*, *United Airlines, Inc. v. Evans*, 431 U.S. 553, 555 & n.4 (1977); *Dartt v. Shell Oil Co*., 539 F.2d 1256, 1260 (10th Cir. 1976). As Rendon alleges in his complaint, he did not file a claim with the EEOC until November 29, 2013, more than six months too late.  Finally, the EEOC, in its Dismissal and Notice of Rights form noted that the case was closed because the charge was not timely filed.  [Dkt. No. 1-1.]  The filing was untimely and bars his claim.

Rendon's claim also fails on jurisdictional grounds.  He did not allege that the Defendants had the required number of employees and his later proffer about the number of employees of BBF Prime Contractors LLC does not help.  BBF Prime Contractors, LLC is not a named defendant and Rendon does not allege in the complaint that he was employed by BBF Prime Contractors. Moreover, in his Charge of Discrimination filed with the EEOC Rendon lists his employer as Beehive Condominiums.  Thus, even if Rendon had a claim against BBF Prime Contractors, that claim would be barred by his failure to file a charge with the EEOC.

The court has carefully reviewed Rendon's objections and supporting materials.  The objections are without merit.  The Magistrate Judge's Report and Recommendation is adopted in its entirety, and the complaint is dismissed with prejudice for failure to state a claim.

DATED this 9th day of December, 2014.

BY THE COURT:

_____
Clark Waddoups
United States District Judge